**SHAW YUN WENG, a.k.a. Shao Yun Weng, Petitioner,**

v.

**Michael B. MUKASEY,[1] U.S. Attorney General, Respondent.**

No. 04–5325–ag.

United States Court of Appeals, Second Circuit.

May 2, 2008.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Lin Li, New York, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; David V. Bernal, Assistant Director; Liza S. Murcia, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C. for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. JOSÉ A. CABRANES, Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Shaw Yun Weng, also known as Shao Yun Weng, a native and citizen of the People's Republic of China, seeks review of a September 23, 2004 order of the BIA affirming the August 27, 2003 decision of Immigration Judge ("IJ") Theresa Holmes–Simmons denying petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shaw Yun Weng*, No. A78 840 552 (B.I.A. Sept. 23, 2004), *aff'g* No. A78 840 552 (Immig.Ct.N.Y.City, Aug. 27, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 159 (2d Cir.2004). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289

(2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't. of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

■ As an initial matter, we lack jurisdiction to review any challenge to the agency's denial of withholding of removal and relief under the CAT because Weng did not present a meaningful challenge to the IJ's denial of these categories of relief before the BIA. 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir.2006). The petition for review is dismissed to that extent. *Id.*

■ Regarding asylum, we find that the IJ's adverse credibility determination was supported by substantial evidence. The IJ found at least seven inconsistencies or implausibilities within Weng's testimony and between that testimony and the documentary evidence he submitted. The IJ properly questioned whether Weng was a member of Falun Gong, which was the basis of his claim for relief, because he could not identify where his Falun Gong certificate had come from, nor could he list any of the eight moral characters of Falun Gong printed on this certificate. *See Secaida–Rosales v. INS*, 331 F.3d 297, 308 (2d Cir.2003).[2] We also find reasonable the IJ's conclusion that it was implausible that Weng would have divorced his wife and fled his country on account of problems caused by his Falun Gong practice, only to practice "when he's in a good mood" or about once a week after reaching the United States. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 66–68 (2d Cir.2007).

Furthermore, the IJ properly found inconsistencies between Weng's testimony and his supporting evidence. The IJ properly gave Weng's purported statement of dismissal little weight where it contradicted his own testimony as to when he became a Falun Gong practitioner. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir.2006). The IJ also noted multiple inconsistencies between Weng's testimony and a letter from his friend, Xin Nian Ma, as to whether Ma himself was a Falun Gong practitioner, whether Weng's father had passed away in 2002, and whether a mutual friend had experienced any problems associated with Falun Gong. *See Surinder Singh v. BIA*, 438 F.3d 145, 148 (2d Cir.2006) (per curiam). Finally, the IJ properly found that Weng did not produce any medical records to substantiate his claim that he was beaten by the police. *Xiao Ji Chen*, 471 F.3d at 341; *Zhou Yun Zhang v. I.N.S.*, 386 F.3d 66, 78 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice*, 494 F.3d 296, 305 (2d Cir.2007) (en banc). These findings, all proper, were "specific examples in the record of inconsistent statements" and, thus, provided substantial evidence for the IJ's adverse credibility determination. *Zhou Yun Zhang*, 386 F.3d at 74. As such, we need not reach the IJ's additional adverse credibility findings.

**2.** Unlike *Rizal v. Gonzales*, 442 F.3d 84, 90–92 (2d Cir.2006), in which this Court found that an applicant need not possess a certain quantum of doctrinal knowledge to be eligible for asylum, here, the IJ's implausibility finding was based on questions stemming directly from the certificate that Weng submitted. Given Weng's testimony that he had practiced Falun Gong for six months and demonstrated his knowledge of Falun Gong to obtain the certificate, the IJ did not err in finding that Weng's inability to testify to any of the moral characters was a negative factor in assessing his credibility. *Id.* at 90 ("Indeed, we can certainly imagine instances in which the nature of an individual applicant's account would render his lack of a certain degree of doctrinal knowledge suspect and could therefore provide substantial evidence in support of an adverse credibility finding …").

For the foregoing reasons, the petition for review is DISMISSED, in part, and DENIED, in part. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).